KAYSER v. SILVERBERG.

(Supreme Court, Appellate Term. March 26, 1906.)

INDEMNITY—CONTRACT—ENFORCEMENT—PERSONS ENTITLED. .

Land was conveyed to a wife. The husband guarantied to indemnify the vendor against any claim a broker might have against him for commissions on the sale of the property. *Held*, that the broker could not maintain an action against the wife on the guaranty, it being for the benefit of the vendor.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Max Kayser against Bella Silverberg. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Lawrence Goldberg, for appellant.

M. A. Lesser, for respondent.

NEWBURGER, J. Plaintiff claims that he is a real estate broker, and that one Hargrave in April, 1904, was the owner of a certain apartment house in this city; that the husband of the defendant requested the plaintiff to procure suitable property for investment; that subsequently, Hargrave and Max Silverberg, the husband of the defendant, entered into a contract of sale for an apartment house in 118th street; that thereafter Hargrave conveyed the property to this defendant; that at the time of making the contract Max Silverberg agreed in writing, in consideration of the sum of $75, to hold the said Hargrave harmless, and indemnify said Hargrave against any claim which this plaintiff might claim for commissions on the sale of the property. On the trial the contract of sale from Hargrave to Max Silverberg, with the agreement between them as to the commissions, was offered and marked in evidence. The plaintiff then moved to amend his complaint by reducing his claim to $75.

It will appear from a reading of the contract and the agreement as to the commissions that this defendant was not a party to the proceedings, or privy to the contract or to the consideration. She nowhere agreed to pay any commission to this plaintiff. The agreement upon which the plaintiff seeks to recover was a mere guaranty on the part of Max Silverberg to indemnify Hargrave against any claim that this plaintiff might have as against Hargrave for commissions on the sale of the property. The agreement sought to be enforced was not for the benefit of this defendant, but for the benefit of Hargrave.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.